10-2375-ag
Huang v. Holder

BIA
A099 927 414
A099 927 415

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> GERARD E. LYNCH,
>  *Circuit Judges.*

_____

HAI YING HUANG, QI XIANG CHEN,
        *Petitioners,*

        v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

**10-2375-ag**
**NAC**

_____

FOR PETITIONERS:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Terri J. Scadron, Assistant
                     Director; Shahrzad Baghai, Attorney,
                     Office of Immigration Litigation,
                     United States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

The Petitioners, Hai Ying Huang and Qi Xiang Chen, natives and citizens of the People's Republic of China, seek review of a May 26, 2010, decision of the BIA denying their motion to reopen their removal proceedings.[1] *In re Hai Ying Huang*, No. A099 927 414/415 (B.I.A. May 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

We have articulated at least three permissible bases upon which the BIA may deny a timely motion to reopen, including: "(1) the movant's failure to make a *prima facie*

---

[1] For ease of reference, this order refers solely to the lead petitioner, Hai Ying Huang.

2

case of eligibility for asylum; (2) the movant's failure to . . . articulate material, previously unavailable evidence that would be introduced at a new hearing; or (3) a determination that even if the applicant were eligible, asylum would be denied in the exercise of discretion." *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir. 2005).

The BIA reasonably determined that Huang failed to establish her *prima facie* eligibility for relief because the evidence she submitted did not demonstrate a sufficient likelihood that she would face persecution on account of her religious beliefs upon returning to China. Although Huang argues that the BIA afforded insufficient weight to a letter from her friend in China, in which the friend asserted that she was beaten and detained for proselytizing and distributing religious materials, the BIA reasonably concluded that the letter was of "limited probative value" because the author was engaged in activities that Huang did not claim she intended to engage in and because the letter did not contain any details of Huang's friend's detention or beating.

Moreover, despite Huang's claim that the BIA ignored evidence in the state department reports that church members

are abused and harassed, the BIA explicitly considered that evidence, but noted that the same reports indicated that treatment of church members varied widely by region. Indeed, the 2008 U.S. State Department report on human rights practices for China indicates that "[i]n some regions unregistered groups or house churches with hundreds of members met openly, with the full knowledge of local authorities, who characterized the meetings as informal gatherings."  Bureau of Democracy, Human Rights, and Labor, U.S. Dep't of State, 2008 Human Rights Report: China (includes Tibet, Hong Kong, and Macau), § 2.c (Feb. 25, 2009).  Given that Huang provided no evidence of persecution or harassment of Christians in her local province, the BIA's determination that Huang presented insufficient evidence that she would be persecuted for her religious beliefs was not an abuse of discretion.  *See Siewe v. Gonzales,* 480 F.3d 160, 168 (2d Cir. 2007) (citing Healey v. Chelsea Res., Ltd., 947 F.2d 611, 618 (2d Cir. 1991), for proposition that "[w]here the evidence would support either of competing inferences, the fact that this Court might have drawn one inference does not entitle it to overturn the trial court's choice of the other." (internal quotation marks omitted)).

4

To the extent Huang argues that the BIA erred by failing to take administrative notice of evidence not in the record, it was under no obligation to do so. *Cf. Hoxhallari v. Gonzales*, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (noting that the BIA may, as a matter of discretion, take notice of changes in country conditions). Because substantial evidence supports the BIA's conclusion that Huang failed to establish that Chinese officials persecute church members from her locality on account of their religious beliefs, we need not reach Huang's remaining argument that the BIA erred by failing to analyze whether Chinese officials were likely to become aware of her religious conversion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5